IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC., <br><br>    Plaintiff, <br><br> vs. <br><br>WESTERN INVESTMENT REAL ESTATE TRUST, et. al, <br><br>    Defendants. <br>_____/ | CASE NO. CV F 08-1050 LJO SMS <br><br>**ORDER DENYING REQUEST FOR ISSUANCE OF SUMMONS** |

Plaintiff requested the Clerk of this Court issue a summons to plaintiff for purported defendant "Kirrberg Corporation." The Clerk's office referred the request to the Court for resolution. Having reviewed the Court's file and noting the request, the Court orders as follows:

This case was filed in Stanislaus County in September 2006 and was removed to this Court on July 21, 2008. Plaintiff originally named defendant "Multimatic Corporation," in its Second Amended Complaint filed on May 8, 2008. Somewhere after May 8, plaintiff learned that Multimatic was the "wrong name." On July 8, 2008, before removal, plaintiff attempted to amend the complaint, by filing in the Stanislaus Court, an "amendment" (Doc. 1-5, p.23) which states:

> "Plaintiff, having designated a defendant in the complaint by the incorrect name of: Multimatic Corporation, and having discovered the true name of the defendant to be The Kirrberg Corporation, formerly known as Multimatic Corporation, amends the complaint by substituting the true name . . . " (Emphasis deleted).

1

The proposed amendment was submitted for signature to the assigned judge. The Superior Court Judge did not sign the amendment.

California Code of Civil Procedure §473(a) states:

> "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . ."

Thus, a judge's signature is required to correct the name. Since the Superior Court Judge did not sign the amendment, the Kirrberg Corporation was not substituted into the case. Therefore, summons will not be issued for an entity which is not a named party. If plaintiff seeks to correct the name, plaintiff may make the appropriate motion to the Court.

IT IS SO ORDERED.

**Dated:    August 22, 2008**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE