IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC., | CASE NO. CV F 08-1050 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT MULTIMATIC'S MOTION TO DISMISS** (Doc. 26) |
| vs. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, et. al, | |
| Defendants. | |

Defendant Multimatic Corporation moves to dismiss plaintiff's Second Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(5), on the grounds of insufficient service of process. In the alternative, defendant Multimatic Corporation moves to quash service. Plaintiff Team Enterprises, LLC filed its opposition on September 8, 2008. Multimatic Corporation filed its reply brief on September 18, 2008. The Court found the motion suitable for decision without oral argument and vacated the hearing set for September 25, 2008. See Local Rule 78-230 (h). Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This action involves determining responsibility for soil and groundwater contamination near the Century Shopping Center in Modesto, California. This case was originally filed in Stanislaus County in September 2006 and was removed to this Court on July 21, 2008. Plaintiff named defendant

1

"Multimatic Corporation," in its Second Amended Complaint filed on May 8, 2008. Plaintiff alleges that Multimatic Corporation manufactured dry cleaning equipment designed for the use, application and disposal of a hazardous substance which has resulted in the contamination of the soil and ground water under the property.

Before the action was removed to this Court, plaintiff attempted to serve defendant Multimatic Corporation on June 17, 2008 at the address of 162 Veterans Drive, Northvale, New Jersey 07647. Multimatic Corporation presents evidence that the address is the address for Multimatic, LLC, a separate entity. The person on whom the summons and complaint were served was Ronald Velli, who is the President of Multimatic, LLC. (Doc. 26 p.3.) The proof of service indicates the complaint was served on Ronald Velli as a person authorized to accept service for Multimatic Corporation. (Doc. 35, Motola Decl. Exh. A.) Defendant Multimatic Corporation does not dispute that the complaint eventually made its way to Multimatic Corporation and thus, it has actual knowledge of the lawsuit.

## ANALYSIS AND DISCUSSION

**A.    Standards under Rule 12(b)(5)**

A challenge to service of process may be made by separate motion to dismiss under Fed.R.Civ.P. 12(b)(5) for defects in the manner of service ("insufficient service of process"). When service of process is properly challenged, the party on whose behalf service was made, the plaintiff, has the burden to establish its validity. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Return of service is prima facie evidence of how service was effectuated. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Normally, a court will resolve any factual disputes raised by a Rule 12(b)(5) motion. In this regard, the court may require an evidentiary hearing or may postpone resolution of the motion until trial (Fed.R.Civ.P. 12(i)). If it appears that effective service can be made and there has been no prejudice to the defendant, the court will quash service rather than dismiss the action. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3rd Cir. 1992).

**B.    Voluntary Appearance by Joinder in the Notice of Removal**

Plaintiff argues that Multimatic Corporation waived any right to challenge service of process when it made a voluntary appearance in this action by joining in the removal petition. Plaintiff argues the joinder in removal constituted a voluntary appearance in federal court, citing William W. Schwarzer,

et al., *California Practice Guide: Federal Civil Procedure Before Trial* §2:1031.1 (2008). Multimatic argues that it did waive its right to challenge jurisdiction. Multimatic notes that it signed the Joinder in the Notice of Removal, but that Joinder does not waive its right to challenge service of process.

Objections to personal jurisdiction can be expressly or impliedly waived. See Fed. R. Civ. P 12(h)(1). A defendant's choice to first remove an action to federal court before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdiction. *See Diesli v. Falk*, 916 F.Supp. 985, 994 (C.D.Cal.1996) (noting, in dictum, that a defendant does not waive jurisdictional challenges by removing from state to federal court); *see e.g.*, *Tanzman v. Midwest Exp. Airlines, Inc.*, 916 F.Supp. 1013, 1018 (S.D.Cal. 1996) (the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue); *see Nationwide Eng'g & Control Sys. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) ("[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction").

Multimatic, here, has done no more than join in the removal petition. Multimatic has not answered or set up defenses. It has not consented to jurisdiction. It has not participated in any substantive court proceeding. Removal is an independent basis for invoking federal subject matter jurisdiction. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). It does not create personal jurisdiction. Thus, the joinder of in the removal petition, in an of itself, does not waive Multimatic's right to challenge personal jurisdiction. Therefore, Multimatic has not waived its right to challenge the service of process by its joinder in the removal petition.

**C.     Statutory Requirements for Service of the Summons and Complaint**

Pursuant to Rule 4(h), sufficiency of service on Multimatic Corporation, is determined under state law. The sufficiency of service of process before removal from state court is determined under state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–937 (9th Cir. 1993), *overruled on a different ground, California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008).

Here, service on Multimatic was attempted on June 17, 2008, before removal from state court. Therefore, the sufficiency of service is determined under state law. The parties do not dispute that state law controls.

### 1. Liberal Standard for Compliance

The parties dispute whether plaintiff must strictly comply with the California's service statute or whether substantial compliance is sufficient. Defendant argues that strict compliance is required and therefore, service was improper. Plaintiff argues that if service was not technically proper, plaintiff substantially complied with the statutory requirements for service. The parties agree that Multimatic Corporation had actual notice of the lawsuit.

The statutory requirements are construed to uphold jurisdiction, rather than defeat it. As long as the defendant receives actual notice of the lawsuit, substantial compliance with the Code provisions governing service of summons will generally be held sufficient. *Pasadena Medi–Center Associates v. Sup.Ct. (Houts)*, 9 Cal.3d 773, 778, 108 Cal.Rptr. 828, 832 (1973) (the provisions for service are to be liberally construed); *Summers v. McClanahan*, 140 Cal.App.4th 403, 407–411, 44 Cal.Rptr.3d 338, 341–344 (2006) (discussing "liberal construction" of service of process law).

When deciding whether service was valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Summers v. McClanahan*, 140 Cal.App.4th 403, 410-411, 44 Cal.Rptr.3d 338, 344 (2006). Actual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction. "[N]o California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." *Summers v. McClanahan*, 140 Cal.App.4th at p. 414. The *Summers* court found service invalid, where service was made on an individual defendant's personal manager, who was not authorized to receive service on her behalf, even though, immediately upon receipt, the personal manager forwarded the summons and complaint to defendant's attorney, who was then representing defendant in another action involving plaintiff. *See also*, *Honda Motor Co. v. Superior Court*, 10 Cal.App.4th 1043 (1992) (service on Japanese corporation that did not conform to the Hague Convention held invalid, even though defendant admitted receipt of the papers.)

Defendant relies upon several cases for its position that strict compliance is the standard for service of process.

1    These cases, however, are inapplicable to the statute and facts before the Court. In *Williams v.*
2  *Los Angeles Unified School Dist.,* 23 Cal.App.4th 84 (1994), the court strictly construed the statute
3  which excused plaintiff from timely complying with service of process.  In *Williams*, plaintiff failed to
4  serve the defendant within the statutory time for service.  The court held that while the statute contains
5  an exclusion for service which is "impossible, impracticable, or futile due to causes beyond the plaintiff's
6  control," that exclusion must be strictly construed against the plaintiff.  "The excuse of impossibility,
7  impracticability, or futility should be strictly construed in light of the need to give a defendant adequate
8  notice of the action so that the defendant can take necessary steps to preserve evidence."  Thus, excusing
9  plaintiff for failing to give timely notice to defendant is strictly construed.

10   Defendant also cites *Monterey S. P. Partnership v. W. L. Bangham, Inc.*, 49 Cal.3d 454, 465
11 (1989).  That case which merely stated the requisites for service by publication must be strictly
12 construed. The reason for strict construction is that "[w]hen jurisdiction is sought to be established by
13 constructive service, the statutory conditions for such service must be strictly complied with or the
14 judgment is subject to collateral attack."  *See Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 334 (1978).
15 The publication statute, however, is different than that statute before the Court, as the California courts
16 have consistently strictly construed the requirements for publication.  *See Katz v. Campbell Union High*
17 *School Dist.*, 144 Cal.App.4th 1024, 1034, 50 Cal.Rptr.3d 839, 846 (2006).

18   Defendant also relies upon *Zirbes v. Stratton*, 187 Cal.App.3d 1407, 232 Cal.Rptr. 653 (1986)
19 which dealt with substitute service.  In *Zirbes*, the court noted that "[i]n order to obtain in personam
20 jurisdiction through any form of constructive service there must be strict compliance with the requisite
21 statutory procedures." 187 Cal.App. 3d at 1417.  Since *Zirbes*, however, the service of process statutes
22 requiring strict and exact compliance have been more liberally construed to effectuate service if actual
23 notice has been received by the defendant. *See Stafford v. Mach*, 64 Cal.App.4th 1174, 1183, 75
24 Cal.Rptr.2d 809, 814 (1998); *Pasadena Medi–Center Associates v. Sup.Ct. (Houts)*, 9 Cal.3d at 778;
25 *Katz v. Campbell Union High School Dist.*, 144 Cal.App.4th at 1034 (Substantial compliance may be
26 sufficient when summons is served personally, but strict compliance is usually required when it is served
27 by publication).

28   Accordingly, the Court finds that California employs a liberal construction of its service of

process statutes to effectuate jurisdiction, rather than defeat it.

**2.     California's Statute for Service of Process upon a Corporation**

Service on a corporation under California law is effectuated by delivery of summons and complaint to some authorized person on behalf of the corporation. *Dill v. Berquist Const. Co., Inc.*, 24 Cal.App.4th 1426, 1437, 29 Cal.Rptr.2d 746, 752 (1994). Service may be made upon "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager ..." Cal.Code.Civ.P. § 416.10(b). A "general manager" is a person apparently in charge of the corporation's office or headquarters, as long as "the person served is of such rank to make it reasonably certain that the corporation will be apprised of service." *Gibble v. Car–Lene Research, Inc.*, 67 Cal.App.4th 295, 302–303, 78 Cal.Rptr.2d 892, 896 (1998) (service on manager of regional office).

Defendant argues that *Gibble* does not apply, because "if the individual served was not an agent of sufficient character and rank as to make it reasonably certain the corporation would be apprised of the service made, then the service would have been insufficient." (Doc. 42, Reply brief p. 3.) *Gibble*, however, also dealt with an agent's ostensible authority: service on a person who was ostensibly, even if not actually, a corporate officer is sufficient under section 416.10. Where there has been service upon a corporate agent with ostensible authority to accept it, jurisdiction is established and a claim of defective service in such a case is not a proper basis for setting aside a default judgment entered against the corporation. *Gibble v. Car-Lene Research, Inc.*, 67 Cal.App.4th at 313.

Here, service was made on Ronald Velli, who is admittedly the President of Multimatic, LLC. Defendant argues that the LLC is an entirely different entity from Multimatic Corporation. Plaintiff, however, presents evidence that the LLC and Multimatic Corporation share the same physical address, 162 Veterans Drive, Northvale, New Jersey, the same location where Ronald Velli was served. (Doc. 35, Motola Dec. Ex. B, Exh. F.) Plaintiff also presents evidence that Ronald Velli was a manager and agent of Multimatic Corporation - he signed discovery responses for Multimatic Corporation in other litigation and he signed off on substitution of attorneys. (See e.g., Doc. 35, Motola Dec. Exh. D.) Plaintiff presents evidence that Ronald Velli is identified on the Multimatic website as the "President"

of Multimatic Corporation.[1]

Defendant objects to the evidence as hearsay, irrelevant, and not properly authenticated. (See Doc. 42-2.) The Court finds that the evidence regarding Mr. Velli's signature is not offered to prove the truth of the matter that he is or is not a manager, but offered for the nonhearsay purpose to show he represented in another action that he had the authority to bind Multimatic Corporation. Multimatic does not dispute that Mr. Velli signed on its behalf. He signed on behalf of Multimatic Corporation earlier in 2008. Indeed, its argument is that he signed as a "former manager." Nonetheless, Mr. Velli must have some sufficient authority for Multimatic if he is authorized to sign legal documents filed with the Court. Those documents were signed recently. Further, plaintiff presents evidence that the business office for Multimatic Corporation is the same as for Multimatic LLC. The Court finds that plaintiff has presented sufficient admissible evidence to establish that the businesses have same address, which is the address at which process was served and that Mr. Velli has ostensible authority.

Here, the service on Multimatic was not strictly according to the statutory requirements. Under the substantial compliance policy for service of process, the Court finds that the service was sufficient to satisfy the requirements of due process. The summons and complaint were served at a physical location where Multimatic Corporation has its business offices. The summons and complaint were served on a person who from the admissible evidence has sufficient authority within Multimatic Corporation for the Corporation to take steps to protect its interests. It was made on a person who appears to be a "manager," if not the president, of Multimatic Corporation. Multimatic did indeed protect its interests. The summons and complaint made it way to the proper authority such that counsel was retained and its interests were protected. Multimatic Corporation participated in the petition for Removal and has brought law and motion before this Court to protect its interests. Thus, substantial compliance with the statutory requirements is sufficiently satisfied.[2]

---

[1] Plaintiff presents additional evidence in support of its motion. (See Doc. 35, Motola.) Defendant objects to this evidence on various grounds. The Court does not resolve the evidentiary disputes because the Court finds that this evidence is unnecessary for resolution of the merits of the motion.

[2] Multimatic argues two points as to its corporate status. Multimatic argues that plaintiff has submitted evidence that Multimatic is a "forfeited" corporation. See (Doc. 35, Motola Decl Exh. I ("status: forfeited").) Multimatic also notes that plaintiff has represented in other filings that Multimatic changed its name to "Kirrberg Corporation." (See Doc. 32.) In

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss, or in the alternative, to quash service is DENIED.

IT IS SO ORDERED.

**Dated:   September 22, 2008**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE

---

Multimatic's own filings with this Court, however, there is no indication that it is a forfeited corporation or named anything other than Multimatic Corporation. For instance, the notice of motion for the instant motion is made on behalf of "Defendant Multimatic Corporation." (Doc. 26, Notice.) In addition, the joinder in the Notice of Removal was signed by "Multimatic Corporation." (Doc. 4, Joinder in Removal.) A corporation whose powers have been suspended for nonpayment of the corporate franchise tax lacks capacity to sue; and, if sued, it lacks capacity to defend. Cal.Rev. & Tax.C. § 23301. Since the current representations by Multimatic Corporation before this Court is that it exists as a viable corporation named "Multimatic Corporation," the Court will not address issues pending in other motions yet to be decided.