IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAM ENTERPRISES, LLC., | CASE NO. CV F 08-1050 LJO SMS |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO AMEND THE REMOVAL PETITION** |
| vs. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, et. al, | |
| Defendants. / | |

Plaintiff Team Enterprises, LLC moves to amend the removal petition to add documents missing from the Stanislaus County Superior Court file. Defendant Legacy Vulcan ("Vulcan") filed its partial opposition on October 6, 2008. Defendants Lynette F. Branagh, Gaylon C. Patterson, Marla J. Patterson, Modesto Center Investors, LP, MCII, LP, and John A. Branagh filed a statement of non-opposition on October 6, 2008. Defendants John A. Branagh, Lynette F. Branagh, MCII, LP, Modesto Center Investors, LP, Gaylon C. Patterson, and Marla J. Patterson filed a statement of non-opposition on October 6, 2008. The Court finds the motion suitable for decision without oral argument and without a reply and hereby VACATES the hearing set for October 23, 2008. See Local Rule 78-230 (h). Having considered the moving, partial opposition, and non-oppositions, as well as the Court's file, the Court issues the following order.

/////

/////

## FACTUAL BACKGROUND

This action involves determining responsibility for soil and groundwater contamination near the Century Shopping Center in Modesto, California. This case was originally filed in Stanislaus County in September 2006 and was removed to this Court on July 21, 2008. The action was removed by Defendant Legacy Vulcan and included documents served upon it. (Doc. 1, Notice of Removal, p. 1, ¶2.) In this motion, plaintiff states that numerous additional orders and pleadings were filed with the state court during the pendency of the action in state court. (Doc.39, Motion to Amend p.2.) In particular, an order naming The Kirrberg Corporation was filed with the state court.[1] Attached to plaintiff's motion to amend the removal petition are the various documents sought to be amended to the removal petition, including the order naming The Kirrberg Corporation.

## ANALYSIS AND DISCUSSION

A defendant filing a notice of removal must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant ... " 28 U.S.C. § 1446. The federal court takes the action as it stood in the state court when removed. Thus, all existing orders—including rulings on discovery and extensions of time to plead—remain in effect until modified by the federal court. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996); see 28 U.S.C. § 1450 (all "orders and other proceedings had in (state court) action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

Plaintiff attaches to the declaration of Jenna L. Motola (Doc. 40), a copy of documents which were filed in the state court action and which were not included in the removal petition. Ms. Motola states that attached as Exhibit A and Exhibit B to her declaration are "copies of all pleadings, process and orders from the state court action from my office's files that were not included in Defendant Legacy Vulcan Corp.'s removal petition." (Doc. 40, Motola Decl. ¶3.) Vulcan argues that it submitted all the documents that were served on it in the state court action. Vulcan notes that the state court action had been pending for two years before Vulcan was added as a defendant.

---

[1] The state court order amending the complaint to add "The Kirrberg Corporation" was the subject of multiple orders in this Court. (See Doc. 30 and 33.) Therefore, the Court is familiar with the state court order regarding The Kirrberg Corporation.

1	There is no dispute that the documents attached to Ms. Motola's declaration are contained in the
2	state court file and should be included in this Court's file.  Accordingly, the removal petition is amended
3	to include the documents/exhibits attached to the Declaration of Jenna Motola (Doc. 40).
4	Plaintiff argues that to ensure the Court has the complete state court file, the Court should order
5	that the removing party, Vulcan, file copies of all records and proceedings from the Stanislaus County
6	action.
7	28 U.S.C. §1447 provides in relevant part:
8	(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether
9	served by process issued by the State court or otherwise.
10	(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be
11	brought before it by writ of certiorari issued to such State court.
12	Plaintiff requests that the Court issue an  order requiring Vulcan to file the entire state court file or a writ
13	of certiorari ordering Stanislaus County Court to produce all of the records from the state court action.
14	Plaintiff argues that, in this way, the relevant documents will be before the Court if the need in the future
15	arises.
16	Vulcan argues that it should not have to procure copies of the entire State court record and file
17	such in this Court. Vulcan argues that most of the documents were filed during the two years before
18	plaintiff named Vulcan as a new defendant in an amended complaint served upon Vulcan on June 5,
19	2008.  Vulcan further argues that plaintiff should already possess a complete set of the state court
20	pleadings and the motion states plaintiff is now submitting all of those pleadings. Requiring Vulcan to
21	procure a second set of the same records from Stanislaus County Superior Court would be unduly
22	burdensome, duplicative and wasteful given that plaintiff's motion ostensibly already attaches the entire
23	State court file.
24	Plaintiff submitted 1400 pages, according to Vulcan's calculation, from the Superior Court file.
25	The Court has already found the removal petition should be so amended.  In addition, Vulcan attaches
26	an additional 200 pages or so, which were also filed in the state court action and which are not part of
27	the 1400 documents attached to the Declaration of Ms. Motola.  These additional 200 pages are attached
28	to the declaration of Sarah F. Peterman.  Therefore, the removal petition is amended to include the

documents/exhibits attached to the declaration of Sarah F. Peterman (Doc. 46).

    Based on the different documents submitted, the Court finds it may not have all the filed documents from the state court action. Indeed, the Court recognizes that two years of litigation in an environmental case with multiple parties will generate a vast number of filings. The Court acknowledges the burden and cost on any one party, and the burden and cost on the Superior Court, in requiring that all documents filed in this extensive litigation be re-filed in this Court. Therefore, the Court will neither issue a writ nor require any party to obtain the remaining documents from the Superior Court file. However, should any party need to use a document from the Superior Court file in proceedings before the District Court, and the documents has not been amended to the removal petition, that party is required to submit a <u>certified copy</u> of the state court-filed documents.

## **CONCLUSION**

    For the foregoing reasons, the Court ORDERS as follows:

1. The removal petition is amended to include the documents/exhibits attached to the Declaration of Jenna Motola (Doc. 40).
2. The removal petition is amended to include the documents/exhibits attached to the declaration of Sarah F. Peterman (Doc. 46).
3. The clerk of this Court is authorized to issue a summons for The Kirrberg Corporation.
4. The parties are required to submit a certified copy of state court-filed documents for any future District Court proceeding if the document has not been amended to the removal petition.

IT IS SO ORDERED.

**Dated:   October 7, 2008**                  **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE